**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| JOEL BOWEN, | § | |
| | § | |
| | § | CIVIL ACTION NO.  5:20-CV-00062-RWS-CMC |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE BUREAU OF PRISON OF THE | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | | |

## ORDER

Plaintiff Joel Bowen, an inmate of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 391-92 (1971) complaining of alleged deprivations of his rights.   This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.    Background

Plaintiff filed a motion for a preliminary injunction complaining that the prison officials' response to the COVID-19 pandemic has been inadequate.   He also asserts prison officials were supposed to begin reviewing inmates for placement on home confinement, but no inmates have been released to home confinement from FCI-Texarkana.   For relief, Plaintiff requested an injunction directing that: (1) all employees at FCI-Texarkana must wear gloves and masks and be tested for COVID-19 before entering the facility; (2) the defendants provide the specific guidelines they are using to release inmates to home confinement and publish these guidelines on

the Bureau of Prisons website and in the common areas at FCI-Texarkana, along with the Attorney General's memo of March 16, 2020; (3) the Bureau of Prisons and warden provide a list of all inmates who meet the guidelines for home confinement; (4) the Bureau of Prisons and warden provide a separate list of inmates who do not meet the guidelines, and a list of reasons why each inmate is not eligible; (5) each eligible inmate should be released to home confinement within ten days; and (6) the Bureau of Prisons and Warden Salmonson shall have the order granting injunctive relief and a separate notice that inmates have the right to contact legal counsel, public defenders, or the warden and staff, and that all administrative remedies available in the Bureau of Prisons remain in effect.

The Magistrate Judge ordered the prison officials to respond to Plaintiff's motion. The prison officials responded that they have taken reasonable measures to address the pandemic and that as of May 15, 2020, 50 inmates have been submitted for home confinement. They further allege Plaintiff is not likely to succeed on the merits of his case because he did not exhaust his administrative remedies as required, he cannot show deliberate indifference and he has not shown a likelihood of irreparable harm. The Defendants attached as evidence an affidavit from Nurse Charles Ogden concerning medical precautions being taken at FCI-Texarkana and an affidavit from Bureau of Prisons attorney James Crook concerning the availability of the administrative remedy program.

In his reply, Plaintiff again asserts FCI-Texarkana is unprepared for the pandemic. With regard to exhaustion, he states he has filed BP-8 requests for informal resolution, but notes that most of these did not receive a response. He contends that during a town hall meeting, inmates were told not to submit BP-8 requests, adding that a memorandum from the warden told the inmate population it was not necessary to contact an attorney, public defender or the warden. Plaintiff

argues the administrative remedy is unavailable and the CARES Act does not have an administrative remedy requirement.   He maintains that counsel for Defendants is unaware of the decision in *Coronel v. Decker*, 2020 WL 1487274 (S.D.N.Y., March 27, 2020).

In a subsequent filing, styled as a "motion for reconsideration" (Docket No. 17), Plaintiff stated "it has been reported" that a guard at FCI-Texarkana has been infected with COVID-19, although he does not state when this was reported or by whom.   He claimed the prison has shut off contact with the outside world and that confinement in the institution is itself cruel and unusual punishment.

## II.    The Report of the Magistrate Judge and Objections

After review of the pleadings, the Magistrate Judge issued a Report recommending the request for injunctive relief be denied.  The Magistrate Judge stated Plaintiff's failure to exhaust administrative remedies showed Plaintiff did not have a likelihood of success on the merits of his claims because district courts have no discretion to excuse a prisoner's failure to exhaust the grievance procedure before the filing of the complaint.   *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  The Magistrate Judge observed although Plaintiff states the prisoners were told in a town hall meeting to stop filing BP-8 requests for informal resolution, this town hall meeting took place after Plaintiff filed his complaint and thus would not have affected his obligation to exhaust administrative remedies prior to the lawsuit being filed.  The Magistrate Judge further stated that, even if the prisoners were told not to submit BP-8 requests for informal resolution, this would not prevent them from pursuing formal administrative remedies.  *Lea v. Gessleman*, No. 5:09-cv-34, 2010 WL 1329470 (E.D.Tex., March 4, 2010), *report and recommendation adopted at* 2010 WL 1329412 (E.D. Tex. March 29, 2010).

The Magistrate Judge also concluded Plaintiff failed to show a likelihood of success on a deliberate-indifference claim, citing *Valentine v. Collier*, 956 F.3d 797,  801 (5th Cir. 2020).

Further, the Magistrate Judge stated Plaintiff did not show a likelihood of irreparable harm. Finally, the Magistrate Judge stated an evidentiary hearing was not warranted.

Plaintiff did not file objections *per se*, but did file a "declaration in support of the motion for reconsideration" (Docket No. 23), which the Court will construe as objections to the Report. In this motion, Plaintiff asserts the pandemic has now infected inmates and guards at FCI-Texarkana.  He cites a study by the American Medical Association concerning COVID-19 in prisons across the United States, which he says concludes that the infection rate and case rate in prisons is higher than that in the population as a whole.   Plaintiff further asserts the inmate population at FCI-Texarkana increased between June 25 and July 23, 2020, despite the claim that no inmates are being moved to the facility.   Plaintiff further contends a settlement was reached between the Bureau of Prisons and federal prisoners housed in Connecticut and that an injunction was entered concerning the federal prison in Lompoc, California.  He contends in these places, "the Bureau of Prisons failed to follow the mandate of AG Barr and infections ravaged the population."   He again contends the infection is spreading through FCI-Texarkana and states the Bureau of Prisons has acknowledged they must release inmates to home confinement, especially medically vulnerable inmates.  Plaintiff's objections do not mention the issue of exhaustion of administrative remedies.

**III.    Discussion**

On September 3, 2020, after the Magistrate Judge's Report issued, the Fifth Circuit rendered a decision holding the exhaustion requirement for compassionate release under the First Step Act, 18 U.S.C. §3582(c)(1)(A), was mandatory.  *United States v. Franco*, No. 20-60473, 2020 WL 5249369 (5th Cir. Sept. 3, 2020).   This holding comports with the decision in *Gonzalez*, where the Fifth Circuit held that the requirement of exhaustion of administrative

remedies prior to filing suit was "mandatory and non-discretionary."  *Gonzalez*, 702 F.3d at 787. Plaintiff acknowledges he has not exhausted his administrative remedies and shows no valid reason to excuse this failure.  The Southern District of New York's decision in *Coronel* did not discuss exhaustion and this Court is nonetheless bound by *Gonzalez* and *Franco*.   The Magistrate Judge correctly determined Plaintiff has not shown a substantial likelihood of success on the merits of his case based upon his failure to exhaust administrative remedies, and he therefore cannot obtain preliminary injunctive relief.

## IV.    Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.    *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 19) is **ADOPTED** as the opinion of the District Court. It is therefore

**ORDERED** that the Plaintiff Joel Bowen's motion for a preliminary injunction (Docket No. 3) is **DENIED**.

**SIGNED this 5th day of October, 2020.**

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE